197 So.2d 365 (1967)
Frank and Bessie P. HARRIS, Plaintiffs-Appellees,
v.
Austin P. STOCKMAN et al., United Security Insurance Company, Insurance Company, Defendants-Appellants.
No. 10779.
Court of Appeal of Louisiana, Second Circuit.
March 22, 1967.
Kizer, Heaton, Craig & Cangelosi, Baton Rouge, C. P. Brocato, Shreveport, for appellants.
Love, Rigby & Donovan, Shreveport, for appellees.
Before HARDY, GLADNEY and AYRES, JJ.
HARDY, Judge.
This action was instituted by plaintiffs, Frank and Bessie Harris, husband and wife, for damages resulting from an automobile accident. By supplemental petition plaintiffs named United Security Insurance Company as a party defendant on the basis of said defendant's alleged liability under the uninsured motorist provision of a policy issued to plaintiff husband. The named defendant interposed a peremption exception of res judicata based upon a release executed by plaintiff wife, Bessie Harris. After trial on the exception it was overruled and following trial on the merits there was judgment in favor of plaintiffs. From that part of the judgment in favor of plaintiff, Bessie Harris, and against the defendant, United Security Insurance Company in the principal sum of $3,000.00, subject to a credit of $334.57, the said defendant has appealed.
The sole issue presented by this appeal is whether, as urged by appellant's specification of error, the trial judge erred in overruling the exception of res judicata.
*366 The accident which gave rise to this litigation occurred in the City of Shreveport on May 6, 1965. Plaintiff, Bessie Harris, driver of an automobile owned by the community, received injuries to her teeth, mouth, jaw, left knee, right side and hip, some of which were of a serious and painful nature. On May 10, 1965, four days after the accident, defendant's adjuster interviewed Bessie Harris for the purpose of making a settlement of any claim she might have. Following some correspondence between the adjuster and appellant, the adjuster was advised:
"If you can settle for $100 plus med. do so fast."
On June 23, 1965, for a recited consideration of $334.57, Bessie Harris signed a release of all claims and demands against the United Security Insurance Company.
In connection with the negotiations with appellant's adjuster, Bessie Harris furnished medical bills amounting to $283.57. According to the testimony of the adjuster on trial of the exception, the settlement represented the amount of the medical expenses plus $51.00 for "inconvenience".
After trial of the exception of res judicata the district judge dictated his findings of fact which are set forth in the record. These findings, insofar as they are material to the issue presented, were that Bessie Harris did not understand the nature of the uninsured motorist coverage provided by her husband's policy nor the nature of medical payment coverage; that the adjuster for the defendant insurance company did not make false representations, nor did he actively mislead nor practice an "active fraud" against Bessie Harris. However, the district judge noted the possibility that the defendant insurer might have taken an unfair advantage of Bessie Harris, but refrained from expressing an opinion in advance of trial on the merits. On this point we are convinced that the negotiations by defendant's adjuster with Bessie Harris did result in an unfair advantage in the interest of defendant. Pertinent to this conclusion is the obvious fact that defendant, according to the terms of the policy contract, was unquestionably liable to Bessie Harris for damages in the nature of personal injuries resulting from an automobile accident with an uninsured motorist. Defendant had no liability whatsoever for medical expenses, yet it is clear from the testimony of both Bessie Harris and the adjuster that these expenses were the basis for the settlement proposed and effected.
The acceptance of appellant's argument as to the validity of the release would have the effect of relieving the insurer of a substantial liability for personal injuries, for which it was bound under its contract, in consideration of the payment to Bessie Harris of medical charges for which she was not legally liable but which were debts of the community.
We are fully aware and have neither desire nor intent to detract from the force and effect of the provisions of our Civil Code with reference to compromises or transactions, particularly the pronouncements of Articles 3073 and 3078. However, Article 3079, providing for the rescission of a transaction "* * * whenever there exists an error * * * on the matter in dispute" is equally important, and in this case must be considered as controlling.
There can be no doubt as to the correctness of the conclusion that Bessie Harris acted under error as to the matter in dispute, for it is clear that she did not understand her rights under the uninsured motorist provision of defendant's liability contract, which, insofar as defendant's liability is concerned, was the only possible "matter in dispute" since defendant's liability was limited to personal injuries and included neither medical expenses nor property damages.
We think the opinion of our Supreme Court in the case of Moak v. American Automobile Ins. Co., 242 La. 160, 134 So.2d 911, is particularly appropriate. The cited case involved a plea of res judicata which had been sustained by the district court, *367 which judgment was affirmed by the Court of Appeal. Careful examination of the opinion of Mr. Justice Hamiter discloses striking similarities of facts and circumstances to the case before us. The opinion in the Moak case noted that:
(1). The adjuster admitted the uncompensated balance of the value of personal articles was the basis of the amount of the settlement recited in the release;
(2). Nothing was mentioned about the personal injury claim;
(3). No inquiry was made of Mrs. Moak as to whether the knew that she was releasing the insurer from her claims for personal injuries.
Upon consideration of all the evidence, including the above noted facts, the court concluded "* * * that neither plaintiff nor her husband thought or intended that the instrument signed by them would release the insurance company from her claim for personal injuries; and hence we conclude that it is without effect because of error."
We can equate the facts in the case before us with the above enumerated facts in the Moak case as follows:
(1). Defendant's adjuster admitted that the medical expenses were considered as a basis for arriving at the amount recited in the release (plus the very nominal sum designated as compensation for "inconvenience", which Bessie Harris testified she understood to be an allowance for expenses incurred in procuring transportation for medical attention);
(2). There was no discussion as to any claims for personal injuries;
(3). Neither Bessie Harris nor her husband could have had any intention of releasing defendant from claims for personal injuries, and, in fact, they did not know that such claims could be asserted under the uninsured motorist protection accorded by the policy.
Additional facts summarized in the Moak opinion were:
(1). The sum paid in consideration of the release exactly coincided with the uncompensated value of destroyed personal effects;
(2). The amount of the release was extremely small in view of the nature and extent of injury;
(3). No mention was made in the course of negotiations of Mrs. Moak's claim for personal injuries; and
(4). The conduct of the adjuster was such as to warrant the erroneous understanding on the part of plaintiffs.
The identical circumstances, with minor, immaterial variations, are established in the instant case.
With reference to the conduct of the adjuster, the observation of the court in Moak can be adopted without the change of a word, as follows:
"It may be said that perhaps such conduct did not of itself constitute the perpetration of fraud; but certainly it was sufficient to give rise to a misunderstanding or error on the part of plaintiff as to the subject matter of the release."
We have noted the authorities cited by diligent counsel for appellant but we do not find them appropriate. Again adverting to the Moak case, it is clear that the same line of authority was considered and rejected, particularly the cases of Blades et al. v. Southern Farm Bureau Casualty Ins. Co., La.App., 95 So.2d 209, and Tooke et ux. v. Houston Fire & Casualty Ins. Co., La.App., 122 So.2d 109.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.