ELLIS, Judge.
Plaintiff Lenell Williams was injured in an accident while riding as a guest passenger in an automobile owned by George Williams, and insured by Boston Insurance Company, Boston, Mass., the defendant. Liability on the merits was conceded, but defendant interposed prior to trial a peremptory exception of res judicata based on an alleged release signed by Lenell Williams. The exception was overruled, and judgment was rendered in favor of Lenell Williams and Henry Williams, her husband, in the amount of $750.00. The *307 judgment was rendered against Boston Insurance Company and Delma R. Myers, the driver of the other vehicle, who was not a party to the case. Boston Insurance Company has appealed.
It is conceded by plaintiff that the judgment appealed from is incorrect in two respects. First, they concede that the judgment in favor of Henry Williams should he limited to the amount of $44.00, the amount of the special damages proven by him. It is further conceded that Delma R. Myers is not a party to the case and the judgment was improvidently rendered as to him.
The only question for decision is the validity of the plea of res judicata based on the release signed by Lenell Williams. It is undisputed that Lenell Williams did, in fact, sign a release of all claims in favor of Boston Insurance Company on January 2, 1963, for a consideration of $35.00. It is further conceded that a draft in that amount was forwarded to her within a reasonable time thereafter, and that it was received by her but never cashed. According to plaintiff’s testimony, the insurance adjuster, Mr. Creekmore, told her that she was not hurt and that she did not have to go back to the doctor. She says he told her to sign some papers and that he would pay her for being hurt, and for the doctor bill. She said that he did not tell her what the paper was that she signed, and did not ask her to read it or if she could read. She further stated that Mr. Creekmore knew that she had been to the doctor and that she was going back to the doctor, that she had never been through an experience of this sort before, and that she had a sixth grade education. It seems undisputed that plaintiff knew how to read. It was not until she received the settlement draft that she went to see an attorney.
Creekmore testified that he was an adjuster with Crawford & Company of Baton Rouge. He testified that he saw plaintiff on two occasions, and on the second occasion was told that she was all right and not going back to the doctor. He said that he explained to her the nature of the release, and that if she signed it it was the end of her claim. He stated that, the document was in front of her and he did nothing to prevent her from reading it, and that he told her he would answer any questions she might have about it. He further testified that he made no comment and expressed no opinion about whether or not she was hurt.
The trial judge found that plaintiff was not qualified to represent herself in negotiating a just settlement, and that he felt she didn’t know what she was doing. He specifically found no fraud or misrepresentation, or any other improper action on the part of Mr. Creekmore.
Under the provisions of Article 3079 of the Civil Code, a compromise can be set aside because of fraud, violence, or error as to the matter in dispute. As we appreciate the findings of the district judge, he did not find that any of the above elements were present. We gather that he believed the testimony of the adjuster to the effect that he had fully explained the nature of the release to plaintiff. He apparently predicates his finding on the inability or incapacity of the plaintiff to understand such an explanation, no matter-how fully and fairly it might be given. We do not believe that the plaintiff’s mental capacity is relevant so long as she is legally capable, and so long as there is no misrepresentation made, no unfair advantage taken of her, or no fraud practiced on her.
In her testimony, plaintiff stated that she was able to read and write, that she had a sixth grade education, that she occasionally wrote and received letters, and that she sometimes read the paper. It is also apparent that plaintiff knew she was discussing settlement of the case.
From all of the above, we conclude that plaintiff has failed to make out a *308 case sufficient to satisfy the requirements of Article 3079 of the Civil Code, and that the exception of res judicata should have been sustained by the trial court.
The judgment appealed from is reversed, and there will be judgment in favor of defendant Boston Insurance Co., Boston, Mass., and against plaintiff Lenell Williams, dismissing her claim; the judgment appealed from is amended insofar as Henry Williams is concerned, and there will -be judgment in favor of Henry Williams against Boston Insurance Co., Boston, Mass., for $44.00, together with legal interest from date of judicial demand until paid, and all costs. The judgment as against Delma R. Myers is reversed, and his name stricken therefrom as a party cast in judgment.
Reversed in part, amended in part, and affirmed.