GLADNEY, Judge.
This action was instituted by Odessa Kennedy Cleveland alleging her entitlement to damages for the wrongful death of her minor son, Mack Junior Cleveland. She has appealed from a judgment sustaining a plea of res judicata filed by defendants Edward F. Moore and The Employers’ Liability Assurance Corporation.
On December 13, 1966 Mack Junior Cleveland, a student of Eastside High School, Union Parish, was riding on a bus belonging to the school and being driven to Calhoun, Louisiana by Edward F. Moore. Upon nearing Calhoun at a road crossing the Illinois Central Railroad tracks the bus ran into the side of a railroad train and the resulting collision caused the death of young Cleveland.
The basis for the plea of res judicata is that the insurer paid to plaintiff the sum of $2,500 represented by two drafts of $2,000 and $500 dated December 20, 1966; and that her rights have been fully, finally and completely settled as a result of the receipt of the payments aforesaid and execution of an act of Release and Settlement of Claim. In answer to the plea plaintiff alleged that Tippit, the adjuster, represented to her he was “the burial man” and she thought she was receiving burial expenses for the death of her son and was not entering into a settlement of liability for damages; that said release was obtained by fraud, misrepresentation and error; that there was no meeting of the minds as to the purported subject matter of the release; that there was a lack of adequate consideration for said purported release; and that said release was obtained while she was still in shock. It is argued that it was a rush release which is not legally binding.
The plaintiff, widow of Mack McKellan Cleveland, lived with her four children, namely, Diane, age 23, who attended Grambling College leaving school during her junior year; her deceased son, Mack Junior, and two younger children, Maxine, age 14; and John Anderson, age 12. Several days after the funeral of her son, Odessa Cleveland suggested to O. B. Adams, the principal of Eastside High School and a friend of long standing, that she was anxious to have the insurance company send their representative by to see her and discuss the accident, that is, whether there was insurance coverage or not. This message was relayed by Adams to Donald Tip-pit of Employers’ and on December 19 he visited plaintiff to secure certain vital information. After conferring with a superior official of the company Tippit re *646 turned the following day for the purpose of trying to effect a settlement of liability under the policy which included medical benefits. Present at the meeting were all members of the Cleveland family, Tippit and O. B. Adams who had been summoned by telephone. According to the testimony of the witnesses the terms of the settlement were discussed and explained during a period of from forty-five minutes to an hour and thirty minutes. Plaintiff agreed to accept drafts in payment of her claims: $2,000 for liability and $500 for medical benefits, and she executed the release. The trial judge accurately summed up the testimony, writing in his opinion:
“The record further establishes that on the morning of December 20th when the adjuster arrived to attempt to negotiate a settlement of plaintiff’s claim, at plaintiff’s request, they awaited the arrival of O. B. Adams, the principal of Eastside High School, in order that plaintiff might have the benefit of his advice concerning said settlement. Plaintiff’s 23 year old daughter, a junior in Grambling College and who was present during the entire negotiations, was given the opportunity, at plaintiff’s request, to read the release and consult with plaintiff. Also at plaintiff’s request she was given an opportunity to consult with the office of the attorney for the school board concerning the advisability of signing said release. Rather than being rushed to sign the release and accept said settlement the Court is of the opinion that the record clearly establishes the contrary and that plaintiff was given ample opportunity to understand the terms of the settlement.”
Reduced to simpler terms, plaintiff’s complaint is that the release was not a valid contract because her consent was produced by error or fraud. However, she failed to prove the essential facts of fraud or error and has not made out her case. The record discloses Odessa Cleveland signed the release with understanding. By virtue of the provisions of LSA-C.C. Art. 3078 and 3079 such transactions have, between interested parties, a force equal to the authority of things adjudged but may be rescinded where there exists error in the person, or in the matter in dispute, or where there exists fraud or violence. Our courts have repeatedly held that a signature to solemn documents should be placed thereon only after careful consideration. In the case of Snell v. Union Sawmill Company, 159 La. 604, 105 So. 728, 730 (1925) the court stated:
“The ■ evidence does not support the charge of fraud and misrepresentation; the trial judge did not believe it, nor do we. It would serve no good purpose to review the evidence in the record, but it suffices to observe in the emphatic language of this court in Boullt v. Sarpy, 30 La.Ann. 494, 495, that 'signatures to obligations are not mere ornaments
“If a party can read, it behooves him to examine an instrument before signing it; and if he cannot read, it behooves him to have the instrument read to him and listen attentively whilst this is being done. Murphy v. Hussey, 117 La. 390, 399, 41 So. 692; Baker v. Myatt, Dicks Motor Co., 12 Orleans App. 281.” [105 So. 728, 730]
Cited to support plaintiff’s position are Moak v. American Automobile Insurance Company, 242 La. 160, 134 So.2d 911, 914 (1961); Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963); Bergeron v. Port Allen Mortuary, Inc., La.App., 178 So.2d 442 (1st Cir. 1965) ; Harris v. Stockman, La.App., 197 So.2d 365 (2nd Cir. 1967); and Bielkiewicz v. Rudisill, La.App., 201 So.2d 136 (3rd Cir. 1967).
A careful review of these cases discloses that upon their particular facts it was found that the complainant either did not understand the agreement entered into or that there were overtones of fraud. Thus in the Moak case the sum of $242 was paid for the release for personal injuries and this sum was the exact amount of the bal- *647 anee due upon a fire loss for destroyed articles. The adjuster admitted nothing whatever was mentioned about her personal injury claim and it was found that there was no firm basis for concluding that plaintiff nor her husband thought or intended the instrument signed by. them would be in settlement of personal injuries. In the Wise case the court stated:
“The facts and circumstances of the execution of the release in the instant case, in our opinion, clearly justify the finding of the jury, concurred in by the judge, that Mrs. Wise executed the release through error, and that she signed it reasonably believing it to be a receipt for a gift from Prescott and believing that it would not have anything to do with her case. Her error is one recognized under the general articles of our Civil Code on Obligations as ‘Error as to the nature of the contract’ which will render it void, La.Civ.Code Art. 1841. (Italics ours.)” [151 So.2d 356, 362]
The other citations are also readily ■ distinguishable from the instant case upon their peculiar facts. Where all circumstances indicate the plaintiff was sufficiently literate and intelligent and in normal physical and mental condition, there exists no reasons for disturbing an agreement reached upon proper understanding. The courts have repeatedly so held. Apropos to the instant case are Jackson v. U. S. Fidelity & Guaranty Company, La.App., 199 So. 419 (2nd Cir. 1940); Blades v. Southern Farm Bureau Casualty Insurance Company, La.App., 95 So.2d 209 (1st Cir. 1957); Thompson v. Kivett & Reel, Inc., La.App., 25 So.2d 124 (1st Cir. 1946); Williams v. Robison, La.App., 94 So.2d 64 (1st Cir. 1957).
It follows from the reasons hereinabove stated that the judgment sustaining the plea of res judicata filed by the defendants, Edward F. Moore and The Employers’ Liability Assurance Corporation, and dismissing the demands of plaintiff, Odessa Kennedy Cleveland is affirmed at her cost.