PRICE, Judge.
Sallie Lowery, the provisional tutrix of her minor grandson, Rodney Palmer, Jr., *646 brought this action against Albert H. Anderson, Jr. to recover damages on behalf of the minor for personal injuries sustained in a motorcycle-automobile collision happening in the City of Minden on August 1, 1970. She also seeks recovery
on her own behalf for damages to the 1970 Honda motorcycle belonging to her, medical expenses paid for her grandson, and an amount for mental anguish and inconvenience. Confederate Memorial Hospital filed an intervention pursuant to LSA-R.S. 46:11.1 claiming medical expenses due the hospital for treatment extended to Rodney Palmer resulting from the accident, amounting to $3,602,
Plaintiff alleges the accident was caused by the negligence of the defendant, Albert H. Anderson, Jr., in suddenly making a left turn directly in the path of the motorcycle being driven by Rodney Palmer, Jr., who was traveling south on Industrial Drive. In addition to denying the allegations of negligence asserted against him, Anderson contends Palmer was contributo-rily negligent in operating a motorcycle with a lack of skill and without a driver’s license, traveling at an excessive speed and failing to apply brakes or turning upon observing the left turning vehicle. Defendant further contends Sallie Lowery executed a release of all claims on August 10, 1970, which precluded any recovery by her.
After a trial on the merits, the district judge awarded judgment in favor of Sallie Lowery for the benefit of Rodney Palmer, Jr., in the sum of $4,000, and for her individually for $592.50. Judgment was also rendered for the intervenor, Confederate Memorial Hospital, for the sum of $3,602.
Defendant has appealed from this judgment, urging the trial court erred in failing to recognize the validity of the written release executed by Sallie Lowery as a bar to the damages sought to her personally, and in rejecting the affirmative defense of contributory negligence against the claims of Rodney Palmer, Jr.
Plaintiff has answered the appeal, asking an increase in the amount awarded by the trial court.
We find the facts and circumstances surrounding the happening of this accident as reflected by the evidence in the record to be substantially as follows:
Rodney Palmer, Jr. was traveling south on his Honda motorbike on Industrial Drive at a speed of 45-50 mph. Defendant was traveling north at a slow rate of speed, intending to make a left turn into a private drive. There is a gradual incline while traveling north on Industrial Drive to the crest of a hill approximately 100-120 yards from the scene of the accident. There are no obstructions of vision on this part of the road and there were fair weather conditions on the day of the accident.
Rodney Palmer testified that he saw defendant’s vehicle after he crested the hill and had defendant in view all the way prior to the accident and never saw defendant give any signal for a turn. Palmer further stated that defendant began his left turn when he was at the most 25 feet away. Testimony of the investigating officer showed that at the point of impact defendant’s auto was three or four feet in the oncoming lane at approximately a 45 degree angle and Palmer’s motorcycle collided with the right front fender of defendant’s car.
Based on these facts, the trial court found that defendant was negligent in not maintaining a proper lookout and this negligence was the sole proximate cause of the accident. The court further held that Palmer was not contributorily negligent even though he did not have the proper license to operate a motorbike and was exceeding the general speed limit of Min-den.
*647 We find the evidence to be conclusive that defendant was negligent as the law is clear that a left turning motorist must not only give a proper signal but must maintain a proper lookout for oncoming traffic before beginning his turn.
In his reasons for judgment the trial judge found the operation of the motorbike by Rodney Palmer, Jr. without a proper license and at a speed in excess of the general speed limit prescribed by ordinance for the City of Minden, were not a contributing cause of the accident. We find no manifest error in this finding, based on the evidence in the record of this case. Although violation of a traffic ordinance or statute may be negligence per se, for this negligence to be actionable it must be a cause in fact of the accident. Elmendorf et al. v. Clark, 143 La. 971, 79 So. 557 (1918); American Road Insurance Co. v. Irby, 203 So.2d 427 (La.App.2d Cir. 1967).
It is apparent from the evidence that even had Palmer been traveling at a slower speed the accident would not have been prevented as Anderson did not begin to turn into bis path until the vehicles were only approximately 25 feet apart. At this distance there was no time for Palmer to have taken any effective evasive action. Nor do we find the evidence to support defendant’s argument that Palmer lacked sufficient skill to operate the motorbike. Although he was under the legal age for an operator’s license, he testified he had driven cycles belonging to others at intervals for a period of approximately one year. Further, he had received instructions from the dealer on the cycle involved at the time of its purchase and had operated this cycle for about three weeks prior to the accident. Neither do we find the violation of the driver’s license statute has any causal connection with the happening of this accident.
The circumstances surrounding the execution of the written act of release by Sallie Lowery relied on by defendant as a bar to her individual demands are as follows:
Approximately one week after the accident and while her grandson was still in Confederate Memorial Hospital in Shreveport, plaintiff was contacted at the hospital by Anderson, who asked to see plaintiff at her home in Minden on the following morning, August 10th. Plaintiff agreed to this request and Anderson, an insurance agent, accompanied by a fellow employee, came to plaintiff’s home and discussed signing a release. Plaintiff, who is an elderly negro woman with only a third grade education, testified she could sign her name but had little ability to read or write. She further testified the two men explained to her that Anderson’s car was damaged to the extent of approximately $200 and that if she would sign the release form “there would be nothing else to the matter.” She accompanied them to the local police station where some further discussion took place before going to the office of the Clerk of Court where the reciprocal releases on forms provided by the Department of Public Safety were executed by plaintiff and Anderson before a Notary and witnesses.
The trial judge found that plaintiff did not understand what she was asked to sign, nor that the release was read to her. The evidence amply supports this conclusion. Plaintiff could not read the release instrument when requested to do so in court. The trial judge was impressed by her credibility as a witness and we have no reason to disturb this finding. An employee of the office of the Clerk of Court who subscribed the release form as a witness could not recall that the instrument was read to or explained to plaintiff. The testimony of defendant and his co-employee to the contrary is not sufficient to constitute a preponderance of the evidence. As plaintiff does not drive nor own an automobile, she had nothing to *648 gain by the execution by defendant of a release in her favor in connection with the Louisiana Financial Responsibility Law.
Under the provisions of La.Civ. Code Article 3079 a transaction may be rescinded when there exists an error on the matter in dispute. Error has been found sufficient to allow the rescission of a release when the party at whose insistence the release was obtained has an undue advantage over the releasing party who does not fully understand the nature of the rights being released. Harris v. Stockman, 197 So.2d 365 (La.App.2d Cir. 1967). We think the principle set forth in the Harris case to be applicable to this situation.
As pointed out in the Harris case, it is not necessary to show fraud or misrepresentation to rescind a release, nor do we have these elements involved here. The evidence does show that Sallie Lowery did not understand her rights at the time she signed the release, nor was she sufficiently informed of what she was signing, or the real purpose therefor.
Plaintiff has asked that we increase the awards made for pain and suffering for Rodney Palmer, Jr., and that she be awarded the sum of $1,000 for inconvenience. We do not find any abuse of the discretion vested in the trial judge in awarding $4,000 for personal injuries to Palmer. He was hospitalized for 13 weeks with two broken legs. Although he suffered some pain during this time and missed a portion of the school year, there is no medical testimony in the record to shqw any permanent or residual damage to his legs because of the accident.
We find no error in the rejection by the trial judge of plaintiff’s claims for damages for inconvenience or worry.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s costs.