341 So.2d 1186 (1976)
Mary Rebecca HEMPHILL
v.
Elaine STRAIN et al.
No. 11002.
Court of Appeal of Louisiana, First Circuit.
December 20, 1976.
Rehearing Denied February 14, 1977.
Writ Refused March 25, 1977.
*1187 Bernard S. Smith, Covington, for plaintiff.
France W. Watts, III, Franklinton, for defendants Elaine Strain, and Travelers Ins. Co.
Dale E. Branch, Bogalusa, for defendants Patty Loyd, and State Farm Ins. Co.
Before LANDRY, C.J., and COLE and CLAIBORNE, JJ.
CLAIBORNE, Judge.
This appeal is taken from a judgment granting and sustaining a motion for summary judgment and an exception of res judicata and dismissing the plaintiff's suit and the intervention, all based on a purported signed receipt and release.
*1188 The cause of action arose out of a rearend collision. Plaintiff, alleging that she was a guest passenger in the lead vehicle, filed suit against Elaine Strain (her host driver), Travelers Insurance Company (Strain's insurer), Patty Loyd (driver of the following vehicle), and State Farm Mutual Automobile Insurance Company (Loyd's insurer), for personal injuries and medical expenses. All defendants answered and filed motions for summary judgment based on an alleged release signed by the plaintiff and intervenor Rose Billiot.
Plaintiff's daughter, Rose Billiot, also an alleged guest passenger in the Strain vehicle, and her husband intervened for their damages. All defendants subsequently filed exceptions of res judicata grounded on the purported releases.
After a hearing, the trial judge granted the motions for summary judgment, maintained the exceptions, and dismissed the plaintiff's and intervenors' suits with prejudice.
Plaintiff and intervenors appealed. Appellants contend the trial judge erred in rendering such judgment, and alternatively they contend it was error to maintain the exception of res judicata as to Elaine Strain and Travelers, to whom no releases were given.
The motions for summary judgment were resisted by the filing of opposing affidavits, and the hearing on the motions was consolidated with the hearing on the exceptions of res judicata during which oral testimony was received. The trial judge granted the motions at the conclusion of the testimony apparently based upon findings made therefrom. Under the provisions of LSA-C.C.P. art. 966, trial of such motions must be on the pleadings, affidavits, depositions and admissions on file. Oral testimony should not be received or considered even with the consent of counsel because "to sanction such procedure can have no practical effect save the fostering and encouragement of piecemeal trials and appeals." Wilkinson v. Husser, 154 So.2d 490 (La.App. 1st Cir. 1963); Boothe v. Fidelity & Cas. Co. of New York, 161 So.2d 293 (La.App. 2nd Cir. 1964). The issue of credibility is not properly before the court on a motion for summary judgment. Lachney v. Employers Casualty Company, 281 So.2d 761 (La.App. 3rd Cir. 1973). Furthermore, the likelihood that a party will be unable to prove his allegations upon trial on the merits does not constitute a basis for rendering a summary judgment. Quina v. Orleans Parish School Board, 224 So.2d 835 (La.App. 4th Cir. 1969).
A motion for summary judgment is properly granted only where there is a clear showing that there is no genuine issue of material fact, LSA-C.C.P. art. 966; Thomas v. Signal Insurance Company, 236 So.2d 874 (La.App. 3rd Cir. 1970).
In the instant case, affidavits of both Mrs. Hemphill and Mrs. Billiot allege that the printed forms were represented to them by Haindel as mere authorizations for payment of medical expenses rather than releases, that they did not understand them, that the forms were not completed when signed, that Mrs. Hemphill was unable to see to read, and that Mr. Haindel repeatedly assured them they were not signing a release. Therefore, a trial on the issue was necessary to determine the validity of the releases. Thomas, supra; Magie v. Patio Motel, Inc., 301 So.2d 381 (La.App. 4th Cir. 1971).
The Court in Magie, supra, stated:
"As our jurisprudence has developed, summary judgments authorized by LSA-C.C.P. art. 966 are granted sparingly. The purpose of this procedural device is to expeditiously dispose of cases involving only issues of law; therefore, the mover for summary judgment must prove there is no genuine issue of material fact. In determining the genuineness of the issue, the courts should not consider the merits of the fact at issue or whether the party alleging the fact will be able to sustain the burden of proving it. Nor should the summary judgment procedure be substituted for a trial on the merits.

Thus, as in this case, when the release upon which defendant-insurer bases its *1189 motion for summary judgment is alleged by plaintiff to have been obtained through misrepresentation, a trial on the merits must be had to resolve this material factual dispute that strikes at the very heart of the release." (Emphasis added.)
The motion for summary judgment should not have been granted.
Turning to a consideration of the exception of res judicata, we note that appellants contend that the releases were vitiated for several reasons: fraud in the procurement, undue advantage taken by State Farm, error, no disputed claim, and lack of consideration.
Article 3078 of the Civil Code provides that voluntary compromise agreements have the force of a definitive judgment. However, under Article 3079, such transactions may be rescinded where there exists an error in the person or in the matter in dispute, or fraud. Error as to the matter in dispute has been found sufficient to allow recision where the releasing party is at a relative disadvantage and does not fully understand the nature of the transaction. Lawery v. Anderson, 265 So.2d 644 (La.App. 2nd Cir. 1972); Harris v. Stockman, 197 So.2d 365 (La.App. 2nd Cir. 1967).
According to the testimony adduced on trial of the exception, Mrs. Hemphill and Mrs. Billiot went to the office of State Farm after the accident for the purpose of making a claim. Mr. Haindel, the claims adjustor, testified at the hearing that they each had medical bills in the amount of $60.00. He said he explained to them two types of releases: a general release, printed on blue paper, which closed out all future liability of State Farm, and an open end release, printed on yellow paper, which allowed them to claim up to $2,000.00 in medical expenses incurred within 180 days of the agreement.
He then gave each of the claimants an open end release. They signed the releases, and each received a check from State Farm for $260.00.
Tommy Seabaugh, claims manager for State Farm, who was in his office some 3 to 4 feet away during the discussions, testified that he heard Haindel explain the release forms to the two ladies.
Mrs. Hemphill testified that she could not read the release because she had broken her glasses in the accident. She told Haindel that she did not understand the form, but that it looked like a release to her. She stated that he said it was not a release, that a release was printed on blue paper, and that all that mattered on the form was that portion outlined in a box or square containing the schedule of benefits for medical expenses. She carried the check in her purse for several days without cashing it because she suspected that she may have signed a settlement with State Farm.
Rose Billiot also testified that Haindel told them the form was not a release. She stated that she thought she was signing a claim for medical expenses. Mrs. Billiot cashed the check and has incurred other medical expenses which State Farm has paid.
The record before us does not reflect that appellants were of limited or below average intelligence; both were literate. Mrs. Hemphill did testify that she could not read the release because her glasses were broken and she had been having trouble with her eyes since the accident. However, Mr. Haindel testified that he explained the effects of the release and read it to the appellants before they signed. Ultimately, the determination of the issues, including the intent and understanding of the parties to the agreement is factual and rests on the credibility of the witnesses. This is an evaluation which the trial court is in a better position to make. We find no error.
Appellants next argue that the release must fall because of lack of a disputed claim and lack of consideration. Mrs. Hemphill contends that she always presumed State Farm liable and took the draft as an advance on her medical expenses. As noted before, the circumstances and intent concerning the payment by State Farm resolved to a matter of credibility. In any case, the existence of a dispute sufficient to *1190 support a compromise agreement, can be inferred from the circumstances, and the fact that there was no haggling over the amount is not fatal to the release. Linda Mercantile Corporation v. Bowers, 230 So.2d 302 (La.App. 1st Cir. 1969). Mrs. Hemphill's contention that there was no consideration because she did not cash the draft is likewise without merit. See Tooke v. Houston Fire and Casualty Insurance Company, 122 So.2d 109 (La.App. 2nd Cir. 1960).
Finally appellants contend that the trial court erred in maintaining the exception of res judicata as to Travelers Insurance Company and Elaine Strain. The unrestricted release of one joint tort-feasor without reservation of rights against the others discharges all tort-feasors from liability. LSA-C.C. art. 2203; Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App. 3rd Cir. 1964). There was no evidence adduced at the hearing on the question of liability. The allegations of negligence and solidary liability in plaintiff's petition are made for the purpose of permitting the court to ascertain which defendant was negligent. Such allegations are not tantamount to a judicial confession, and they are insufficient to establish the solidarity of obligations without proof. Naquin v. Baton Rouge Coca-Cola Bottling Company, 182 So.2d 691 (La.App. 1st Cir. 1966). If on trial of the case it should appear that Loyd was not guilty of any negligence proximately causing or contributing to the accident, solidary obligation will not have been established. The burden of proof will be on those claiming to be released with Loyd and State Farm to establish that Loyd was at least a joint tort-feasor (see Naquin, supra).
For the foregoing reasons, the judgment of the trial court is affirmed insofar as it maintained the exception of res judicata as to State Farm and its insured Patty Loyd and is reversed insofar as it maintained the exception of res judicata as to Travelers and its insured Elaine Strain. The judgment of the trial court granting the motion for summary judgment is likewise reversed. Costs of this appeal will await final disposition of the case.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.