GULOTTA, Judge.
Plaintiff appeals from the dismissal on an exception of res judicata of his personal injury suit arising out of an automobile accident.
The accident occurred on August 25,1976. On November 12, 1976 plaintiff was paid the sum of $7,200 in settlement and compromise of his claim against the defendants in this suit. Plaintiff was unrepresented by counsel. According to the adjuster for the insurer who settled the claim, plaintiff stated he was not desirous of obtaining an attorney because of the costs involved. Based on this settlement and release of the defendant automobile driver and his insurer, an exception of res judicata[1] v/as filed and maintained by the trial judge.
While acknowledging his signature on the draft and release and acknowledging receipt of the sum of $7,200, plaintiff attacks the validity of the settlement on the grounds that he lacked “mental capacity” (because of the effect from pain killing and high blood pressure medication) at the time of the execution of the release. Plaintiff further complains that the trial judge erred in denying him a continuance of the hearing on the exception thereby depriving him of the right of submitting evidence in support of his claim on the invalidity of the release.
Finding no merit to either contention, we affirm.
Considering plaintiffs claim in inverse order, we reject his contention that the trial judge abused his discretion in denying plaintiff’s request for continuance. As pointed out by the trial judge, in oral reasons, supported by the record, on plaintiff’s motion three earlier requests for continuances had been granted. Furthermore, as indicated in one of these motions for continuance, plaintiff suggested that the hearing on the exception be delayed to allow the taking of his deposition in order that the matter might be submitted on the deposition and other evidence. Significantly, no mention is made in plaintiff’s brief relating to whether or not plaintiff’s deposition was in fact taken or, if taken, whether or not the deposition was offered.
On April 29, 1978, the date on which the matter was ultimately heard, upon learning that plaintiff’s counsel was engaged in litigation in Washington Parish, the court informed the attorney (through the attorney’s *88 secretary) that the matter would be taken up on that date, however, he would delay the hearing until after the docket had been concluded. Whereupon, the attorney for plaintiff informed the court that he would be available at approximately 1:00 p. m. to take up the matter. No appearance was made by either plaintiff or plaintiff’s attorney and at approximately 4:15 p. m. the trial judge heard evidence on the exception. The deposition of plaintiff’s chiropractor and that of the claims adjuster was submitted in evidence.
No writ application was made to this court when the requested continuance was denied. The circumstances considered, we find no abuse of the trial court’s discretion in hearing evidence on the exception of res judicata despite plaintiff’s request for continuance.
Turning now to the central issue, we conclude, as did the trial judge, that plaintiff failed to carry the burden of proof required to set aside the compromise.[2]
The basis of plaintiff’s claim of mental incapacity is that at the time the settlement was made, he was taking prescribed pain medication, (A.P.C. with Demerol) and also medication for high blood pressure. The evidence supporting plaintiff’s claim is unconvincing.
Dr. Hanckes A. Klein, plaintiff’s treating chiropractor, stated in deposition, that depending on the individual, A.P.C. with Demerol, as could aspirin, “possibly” could hamper one’s judgment. According to the insurer’s claim adjuster, in one of the negotiation sessions (lasting approximately two hours) plaintiff stated that he had become dizzy and requested an ambulance (apparently in jest)[3] when a $7,100.00 settlement offer was made by the adjuster to plaintiff, in response to plaintiff’s $7,200.00 demand.
Negotiations between the adjuster and plaintiff extended over an approximate period of two to three months, with the final three days of negotiations requiring a total of approximately eight hours. According to the adjuster, after the “in jest” ambulance request, the negotiations continued on for an additional period of two hours. Apparently, the impediment to settlement was the sum of $100.00.
After plaintiff left the adjuster’s office, according to the adjuster, he decided upon a $7,200.00 figure settlement, as requested by plaintiff. At the conclusion of the day’s business, the adjuster dropped off the check and release at plaintiff’s home. On the following day, November 12, 1976, plaintiff executed the release and the draft was paid on November 16,1976. The settlement figure was computed as follows: $200.00 for medical expenses, $5,000.00 in loss of wages and $2,000.00 for pain and suffering.
According to plaintiff’s petition, he sustained injury to the “head, neck, shoulder, interscapula and low back area” and treatment consisted of four visits to a chiropractor.[4] The trial judge concluded that plaintiff sustained a “soft tissue” injury.
The allegations of the petition as amended, the nature and duration of the medical treatment received, and the findings of the trial judge of a “soft tissue” injury, support a conclusion that plaintiff was adequately compensated for the injury sustained. Significant is the absence of a showing by plaintiff of injuries so severe as to warrant a finding that the settlement figure is inadequate. The cases relied on by plaintiff[5] *89 are either factually distinguishable or support the validity of the settlement.
Under the circumstances, we conclude the trial judge properly dismissed plaintiff’s suit on the exception of res judicata. Accordingly, the judgment is affirmed.
AFFIRMED.

. C.C. Art. 3078. Transactions have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected.

. C.C. Art. 3079. A transaction may be rescinded notwithstanding, whenever there exists an error in the person or on the matter in dispute. It may likewise be rescinded in the cases where there exists fraud or violence; Williams v. Boston Insurance Co., 222 So.2d 306 (La.App. 1st Cir. 1969).

. The trial judge made the observation in his reasons for the judgment that the request was made “in jest.”

. Although not clear from the record, apparently the visits were made on November 3rd and November 9th, 1976 and February 2nd and March 4th, 1977.

. Davenport v. F. B. Dubach Lumber Co., 112 La. 943, 36 So. 812 (1904); Wells v. Aguillard, 244 So.2d 689 (La.App. 4th Cir. 1971); Cleveland v. Employers’ Liability Assurance Corp., 222 So.2d 644 (La.App. 2nd Cir. 1969); Wilson v. Aetna Casualty & Surety Company, 228 So.2d 229 (La.App. 4th Cir. 1969).