372 So.2d 1253 (1979)
Donald Lee HENDERSON, Plaintiff-Appellant,
v.
Eva STANSBURY and State Farm Mutual Automobile Ins. Co., Defendants-Appellees.
No. 6999.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1979.
Dodd, Barker, Avant, Wall & Thomas, Floyd J. Falcon, Jr., Baton Rouge, for plaintiff-appellant.
Roy & Forrest, Leon E. Roy, Jr., New Iberia, for defendants-appellees and Alex A. Lopresto, III.
Before CULPEPPER, SWIFT, and DOUCET, JJ.
DOUCET, Judge.
This is a tort action, arising out of an automobile accident. Plaintiff is the driver of one of the two cars involved. Defendants are Eva Stansbury, the driver of the other car, and her automobile liability insurer, State Farm Mutual Automobile Insurance Company. Defendants filed a peremptory exception of res judicata, based on a general release signed by plaintiff. Plaintiff appeals from a judgment of the district court, sustaining that exception and dismissing his suit at his costs. We affirm.
The accident giving rise to this suit occurred at about 8:30 A.M. on June 26, 1978 in Jeanerette, La. After the police had completed their investigation, plaintiff went to the home of a friend in Jeanerette, where a laceration on his left arm was cleansed and bandaged with a piece of gauze. Later he went to the home of defendant, Eva Stansbury, arriving there about an hour or an hour and a half after the accident had taken place. Plaintiff testified that the purpose of that visit was to discuss compensation for the damages to his *1254 car and the injury to his arm. Mrs. Stansbury arranged for him to see a Mr. Breaux, a State Farm agent, at his office in Jeanerette.
After consulting with plaintiff, Mr. Breaux contacted the State Farm Claims Office in Lafayette and arrangements were made for plaintiff's claim to be adjusted. Plaintiff then went to the Lafayette office, where the damage to his automobile was appraised. He was referred to Mrs. Alcion Sandefur, an office claim representative, with five years experience in that capacity and an additional eighteen years as a secretary for State Farm. Mrs. Sandefur drew up a general release by filling in the blanks on a printed form.
That instrument provides that in consideration of the payment of $990.33, plaintiff releases Kenneth J. Stansbury (apparently Mrs. Stansbury's husband), Eva Stansbury, and State Farm Mutual Automobile Insurance Company from all claims, including those for injuries known and unknown, arising out of the automobile accident. The above sum was arrived at by adding the amount of the damage appraisal on the car and an additional $50.00. The document, referred to by Mrs. Sandefur as an "open-end release", also provides for the payment of an additional $500.00 for necessary and reasonable medical expenses incurred within 180 days of the date of the agreement, subject to a collateral source restriction.
Prior to signing the release, plaintiff spoke with the appraiser again about the estimate of the damages to his car. Apparently satisfied with the amount, he signed the release and was issued a check for $990.33. Plaintiff alleges that his arm later became worse as a result of which he required medical services in excess of $500.00 and suffered a loss of wages. He now seeks reimbursement for those expenses as well as compensation for his lost wages and pain and suffering.
The issue before this court is the validity of the release. Plaintiff contends that, despite the language used, the parties never intended to settle all aspects of his claim at the time that the release was signed. The law applicable to such situations is contained in LSA-Civil Code Article 3073, which states:
"Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed; and they do not extend to differences which the parties never intended to include in them.
The renunciation, which is made therein to all rights, claims and pretensions, extends only to what relates to the differences on which the transaction arises."
and LSA-Civil Code Article 3079, which further provides:
"A transaction may be rescinded notwithstanding, whenever there exists an error in the person or on the matter in dispute. It may likewise be rescinded in the cases where there exists fraud or violence."
Plaintiff cites the cases of Moak v. American Automobile Insurance Company, 242 La. 160, 134 So.2d 911 (1961) and Mooneyhan v. State Farm Mutual Automobile Insurance Company, 290 So.2d 405 (La.App. 2nd Cir. 1974) as authority for the proposition that in cases such as the one before us, a general release will not bar recovery for those aspects of the claim not intended to be covered by it.
We agree that these cases and codal articles support plaintiff's argument as to the applicable law. However, he has not borne his burden of proving that the parties in this case intended the release to have a limited effect. Moak and Mooneyhan, supra, are readily distinguishable on their facts.
In Moak, supra, the amount of money paid in connection with the release was extremely small in view of the nature and extent of plaintiff's injuries, which included the severance of a finger, and coincided exactly with the amount of the uncollected balance due on a claim previously made for property damage. Although those injuries were manifest at the time of the negotiations, *1255 nothing was said about personal injuries. In Moneyhan, supra, one of the plaintiffs was pregnant, and the adjuster had been informed at the outset of the negotiations that no final settlement of her claim for personal injuries would be made until after the birth of the baby. The adjuster had agreed to pay the sum paid under the release for other specified items of damage. Furthermore, defendant had made two additional payments for medical expenses after the date of the purported final release.
There is an absence of such circumstances in the present case. We believe that the trial court was correct in concluding that at the time that the release was signed both plaintiff and Mrs. Sandefur believed that his injury was negligible and that $50.00 was an adequate amount to compensate him for it. At that point plaintiff had not found it necessary to seek medical attention. Mrs. Sandefur testified that when plaintiff called attention to the fact that his arm had been injured, she observed only a clean gauze bandage. There was nothing to indicate the probability of the complications that plaintiff now alleges to have occurred. Therefore, we agree with the trial court that the document signed by plaintiff accurately reflects the intent of the parties, which was to settle all aspects of his claim.
Counsel for plaintiff also refers this court to several cases in which general releases were not upheld because it was shown that the plaintiff did not fully understand the terms of the agreement or its effect. See for example, Hemphill v. Strain, 341 So.2d 1186 (La.App. 1st Cir. 1976); Lowery v. Anderson, 265 So.2d 644 (La.App. 2nd Cir. 1972); Harris v. Stockman, 197 So.2d 365 (La.App. 2nd Cir. 1967); and McDaniel v. Audubon Insurance Company, et al., 121 So.2d 531 (La.App. 1st Cir. 1960).
We do not believe that this is such a case. Plaintiff is a twenty-four year old high school graduate, who describes himself as having been an average student. He holds a job from which he earns about $1,000.00 per month. He also served in an Air National Guard Unit for a period of six years, during which time he advanced to the rank of Sergeant. We agree with the trial court that he was not at an intellectual disadvantage and that he was fully capable of and did understand the terms of the agreement that he entered into.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be borne by plaintiff-appellant.
AFFIRMED.