BYRNES, Judge.
On July 7,1989, plaintiff-appellant Paul W. Davidson filed a petition for damages against his former employer, Pan American Life Insurance Company (“PAIC”) as well as an allegedly closely related company, Pan American Assurance Company (“PAAC”). In his petition, Davidson alleged that in mid-1984 Pan American tortiously induced another insurance agent, Mr. Chris Dantin to solicit the Theriot interests to shift the type of insurance policies they carried from “whole life” policies carried by PAIC to “universal life” policies carried by PAAC. Davidson alleged that these actions by PAIC and PAAC constitute a breach of his insurance sales agent contract with PAIC in consequence of which Davidson suffered damages by way of lost commission to which he was rightfully entitled. Therefore, Davidson’s petition contained claims sounding both in contract and in tort.
Defendants filed a peremptory exception of prescription because the alleged tortious acts took place in 1984, more than one year before Davidson filed suit in 1989. The trial court sustained the defendants’ exception of 12prescription and dismissed all of Davidson’s tort claims. Davidson has not appealed that judgment.
On July 14, 1992 the trial court granted a summary judgment in favor of the defendants on Davidson’s contract claims. It is from this judgment that Davidson now appeals. We reverse and remand.
The criteria for granting summary judgments have been clearly set forth by this Court in several recent cases such as Carr v. City of New Orleans, 622 So.2d 819, 822 (La.App. 4 Cir.1993), writ denied 629 So.2d 404 (La.1993):
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991).
In Dibos v. Bill Watson Ford, Inc., 622 So.2d 677 (La.App. 4 Cir.1993), writ denied 629 So.2d 1178 (La.1993), this Court explained that:
... To satisfy his burden, the party moving for the summary judgment must meet a strict standard by showing that it is quite clear as to what the truth is, and that excludes any real doubt as to the existence of material fact. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). The papers supporting the position of the party moving for the summary judgment are to be closely scrutinized while the opposing papers are to be indulgently treated, in determining whether mover has satisfied his burden. Vermilion Corp. v. Vaughn, supra. Where the trial court is presented with a choice of reasonable inferences to be drawn from subsidiary facts contained in affidavits and attached exhibits, reasonable inferences must be viewed in light most favorable to the party opposing the motion. Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981). No summary judgment will be granted even if the trial court has grave doubts regarding a party’s ability to establish disputed facts. Aydell v. Charles Carter & Co., Inc., 388 So.2d 404 (La.App. 1st Cir.1980). It is not the function of the trial court on a motion *1278 for summary judgment to determine or even inquire into the merits of the issues raised. Morris v. Louisiana Coca Cola Bottling Co., Ltd,., 354 So.2d 659 (La.App. 1st Cir.1977). i.sThe weighing of conflicting evidence on a material fact has no place in summary judgment procedure. Mecorn v. Mobil Oil Corp., 299 So.2d 380 (La.App. 3rd Cir.1974). A motion for summary judgment is not appropriate for disposition of cases requiring a judicial determination of subjective facts, e.g., motive, intent, good faith, knowledge. [See Penal-ber v. Blount, 550 So.2d 577, 583 (La.1989)]. See Jefferson Parish School Bd. v. Rowley Company, Inc., 305 So.2d 658 (La.App. 4th Cir.1974); Butler v. Travelers Ins. Co., 233 So.2d 271 (La.App. 1 Cir. 1970). Testimony should neither be received nor considered, even with the consent of counsel, to decide a motion for summary judgment. Urban Management Corp. v. Ellis L. Bums, Jr., et al., supra [427 So.2d 1310 (La.App. 2 Cir.1983)]; Hemphill v. Strain, 341 So.2d 1186 (La. App. 1st Cir.1976). Making evaluations of credibility has no place in determining a summary judgment.[1] Dixie Buick, Inc. v. Lockett, 263 So.2d 56 (La.App. 4 Cir.1972); Hemphill v. Strain, supra. (Emphasis added).
In Prado v. Sloman Neptun Schiffahrts, A.G., 611 So.2d 691, 699 (La.App. 4 Cir.1992), writ not considered, 613 So.2d 986 (La.1993), this Court noted:
A fact is material if it is essential to a plaintiffs cause of action under the applicable theory of recovery and without which plaintiff could not prevail. Generally, material facts are those that potentially insure or preclude recovery, affect the litigant’s ultimate success, or determine the outcome of a legal dispute.
A motion for summary judgment is not to be used as substitute for a trial on the merits. Oiler v. Sharp Elec., Inc., 451 So.2d 1235 (La.App. 4 Cir.1984), writ denied 457 So.2d 1194 (La.1984). The fact that a party is unlikely to prevail at a trial on the merits is an insufficient basis for rendering a summary judgment against that party. Chapeuis v. Cassimano, 568 So.2d 606 (La.App. 4 Cir.1990), writ denied 571 So.2d 629 (La.1990). This is true no matter howusmall the chances of the party opposing the motion to ultimately prevail appear to be. Dearie v. Ford Motor Co., 583 So.2d 28 (La.App. 5 Cir.1991), writ denied 588 So.2d 1117 (La.1991).
Mr. James Hendricks was designated by both PAIC and PAAC pursuant to LSA-C.C.P. art. 1442 to give deposition testimony concerning the corporate records of both corporations. Included in his deposition testimony were the following statements:
1. PAAC is a subsidiary of PALIC.
2. The personnel files of the two corporations are combined.
3. Business has been transferred from PALIC to PAAC.
4. There are no written rules concerning the switching of servicing agents’ policyholders.
5. At times, Mr. Davidson was one of PALIC’s top producing agents.
6. There was no other situation like this one in the companies.
7. He knew of no instance where one agent of PALIC or PAAC had tried to sell policies to an established customer of another agent.
8. That it would be very difficult for the agent to fulfill his contractual obligations if his own company were competing against him.
To date PAAC and PALIC have not attempted to dispute any of Mr. Hendrick’s testimony, and it is difficult to imagine how one could impeach one’s own witness on a motion for summary judgment.
Mr. Davidson testified that the directors of PALIC and PAAC were the same or virtually the same.
IsViewing the record for purposes of summary judgment in the light most favorable to Mr. Davidson, we conclude that for purposes of Mr. Davidson’s contract that the two companies are not separate, independent, com *1279 peting companies; and that PAAC cannot be used as a vehicle to avoid PALIC’s contractual commission obligations to Mr. Davidson.
Among the exhibits we note the following:
1. A letter from Paris Theriot to Pan American Life Insurance Company dated July 11, 1984 authorizing Chris Dan-tin to act as servicing agent, as of July 1, 1984.
2. A PAAC General Agent’s Contract with Chris Dantin, Inc. effective August 1, 1984.
3. A PALIC General Agent’s Contract with Chris Dantin, Inc. effective August 1, 1984.
4. Transfer authorizations affecting a number of Theriot policies dated July 25, 1984.
These documents raise genuine issues of material fact about the propriety of awarding PALIC/PAAC commissions to Chris Dantin for policy transfers that may have occurred prior to the effective date of his contract with PALIC/PAAC. Mr. Davidson has also succeeded in raising as a genuine issue of material fact the possible existence of an obligation on the part of PAL-IC/PAAC to pay Mr. Davidson- part or all of the commissions he claims based upon the concept of good faith implicit in all contracts; and/or possible existence of an obligation implicit in all PALIC/PAAC agency contracts based upon the customs and practices of the industry and of PALIC/PAAC not to compete with one’s own agents.
I (¡Mr. Theriot probably has the right to designate a different servicing agent to handle his account. But that does not necessarily mean that PALIC/PAAC has carte blanche to make such a change without regard to its obligations to Mr. Davidson. Just as a real estate listing agent may be entitled to receive a commission on a sale made by another agent, Mr. Davidson may be able to prove that he is entitled to commissions on sales credited to Mr. Dantin.
For the foregoing reasons the judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

. Therefore, defendants' attempts to characterize such deposition testimony as that of Mr. Paris Theriot and Mr. Charles Hardy as "non partisan" is irrelevant in deciding a motion for summary judgment where credibility calls have no place.