## No. 13,141.

### FRANK RODER vs. SUCCESSION OF JUDAH HART ET ALS.

#### SYLLABUS.

1. An averment in a petition of the solidarity of an obligation which is joint in fact, and a prayer for a judgment *in solido* against several defendants, does not constitute an estoppel against the plaintiff's recovery against some of the defendants because he made a compromise with another defendant after issue joined.

2.  The obligation of two or more persons who intervene in an act of sale to a corporation, and give their personal guarantee that for a period of years its shares of preferred stock shall annually earn and pay a dividend of ten *per cent.*, is joint as to the obligors and not *in solido.*

3.  Such a covenant evidences an independent stipulation *pour autrui* and not a contract of suretyship ; and the obligation of the intervenor is different and distinct from that of the corporation. Consequently, the insolvency of the corporation, judicially declared, did not have the effect of precipitating the maturity of the installments of the intervenor's indebtedness not yet run to maturity on the face of the contract, notwithstanding it had that effect as to its own debts not yet due. The principles announced in Hawkes vs. Bright, 51st Ann., 79, are affirmed.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*Dinkelspiel & Hart (Omer Villere, Bernard McCloskey* and *Guy M. Horner,* of counsel) for Plaintiff, Appellee.

*Clegg & Quintero* for Defendants, Appellants.

The opinion of the court was delivered by

WATKINS, J. The plaintiff alleges that he is the owner of sixty (60) shares of the preferred capital stock of the New Consumers Ice Company, Limited, of one hundred dollars each, and he seeks to recover of the defendants, Samuel J. Hart and Helen H. Hart, as the heirs of Judah Hart, the sum of twenty-one hundred dollars ($2100), with legal interest from judicial demand, as one-half of a dividend of ten per cent. per annum for a period of ten years on the par value of said stock, payable semi-annually on the 1st of May and November of each year.

This suit is based on an obligation of Judah Hart and R. T. McDonald, contained in an act of sale, which is fully described in the opinion of this court in the case of Mrs. Harriet A. Horner vs. R. T. McDonald *et als.,* No. 13,119, this day decided.

The issues raised in this case are identical with those of the aforesaid case, this day decided, and for the reasons therein assigned, we are of the opinion that judgment should have been rendered in favor of the plaintiff for one-half of each of the semi-annual dividends which matured and became due on the 1st of May and November of 1897, and the 1st of May, 1898, with five per cent. per annum interest from judicial demand; this suit having been filed on July 18th, 1898—

and that a judgment of non-suit should have been entered with respect to the remaining dividends claimed for the year 1898 and subsequent years.

It is therefore ordered, adjudged and decreed, that the plaintiff, Frank Roder, do have and recover of the defendants, Samuel J. Hart and Helen H. Hart, one-half of the amount of the semi-annual dividends claimed for the year 1897, and the first instalment of 1898, of one hundred and fifty dollars ($150) each, with five per cent. per annum interest from judicial demand, and that, in all other respects, the judgment appealed from should be reversed; the demands in respect to other dividends enumerated are dismissed as of non-suit.

And, that the costs of appeal be taxed against the plaintiff and appellee.