No. 13,111.

JOHN D. MINOR ET ALS. VS. SAMUEL J. HART AND MRS. MAURICE J. HART.

SYLLABUS.

1. An averment in a petition of the solidarity of an obligation which is joint in fact, and a prayer for a judgment *in solido* against several defendants, does not constitute an estoppel against the plaintiff's recovery against some of the defendants because she made a compromise with another defendant after issue joined.

2. The obligation of two or more persons who intervene in an act of sale to a corporation, and give their personal guarantee that for a period of years its shares of preferred stock shall annually earn and pay a dividend of ten per cent., is joint as to the obligors and not *in solido*.

3. Such a covenant evidences an independent stipulation *pour autrui* and not a contract of suretyship; and the obligation of the intervenor is different and distinct from that of the corporation. Consequently, the insolvency of the corporation judicially declared, did not have the effect of precipitating the maturity of the instruments of the intervenors' indebtedness not yet run to maturity on the face of the contract, notwithstanding it had that effect as to its own debts not yet due. The principles announced in Hawkes vs. Bright, 51st Ann., 79, are affirmed.

APPEAL from the Civil District Court, Parish of Orleans. *King, J.*

*Omer Villere (Bernard McCloskey, Guy M. Hornor,* and *Dinkelspiel & Hart,* of Counsel) for Plaintiffs, Appellants.

*Clegg & Quintero* for Defendants, Appellees.

The opinion of the court was delivered by

WATKINS, J. The plaintiffs allege that they are the owners of one hundred and nineteen and .0625 shares of the preferred capital stock of the New Consumers' Ice Company, Limited, of one hundred dollars each, and they seek to recover of the defendants, Samuel J. Hart and Mrs. Helen H. Hart, as the heirs of Judah Hart, the sum of $4,167 and 18-100, as one-half of a dividend of ten per cent. per annum, for a period of ten years on the par value of said stock payable semi-annually on the first of May and first of November of each year.

This suit is based on an obligation of Judah Hart and R. T.

McDonald contained in an act of sale, which is fully described in the opinion of this court in the case of Mrs. Harriet A. Hornor vs. R. T. McDonald *et als.*, No. 13,119, this day decided.

For the reasons assigned by the District Judge, the demand of the plaintiffs were rejected, and judgment rendered in favor of defendants. The issues raised in this case are identical with those in the case of Mrs. Harriet A. Hornor vs. R. T. McDonald *et als.*, No. 13,119, this day decided; and for the reasons therein assigned, we are of opinion that judgment should have been rendered in favor of the plaintiffs for one-half of each of the semi-annual dividends which matured and became due on the first of May and November, 1898, and the first of May, 1899—this suit having been filed on the 31st of May, 1898—and that a judgment of non-suit should have been entered with respect to the remaining dividends claimed for the year 1898 and subsequent years.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled and reversed; and it is further ordered and decreed that the plaintiffs, John D. Minor *et als.*, do have and recover from the defendants, Samuel J. Hart and Mrs. Helen H. Hart, one-half of the amount of the semi-annual dividends claimed for the year 1897, and the first instalment of the year 1898, of two hundred and fifty-seven dollars and fifty cents ($257.50) each, with five per cent. per annum interest from judicial demand; and that the demands in respect to other dividends enumerated are dismissed as of non-suit. And that the costs of appeal be taxed against the defendants and appellees.

Rehearing refused.