371 So.2d 1179 (1979)
Mary Rebecca HEMPHILL, Rose Billiot and Milton Billiot, Plaintiffs-Appellants,
v.
Elaine STRAIN, Travelers Insurance, Patty Loyd, and State Farm, Defendants-Appellees.
No. 12571.
Court of Appeal of Louisiana, First Circuit.
April 16, 1979.
Writ Refused June 11, 1979.
*1180 Bernard S. Smith, Covington, for plaintiffs-appellants.
France W. Watts, III, Franklinton, for defendants-appellees Elaine Strain and Travelers Ins. Co.
*1181 Dale E. Branch, Bogalusa, for defendant-appellee State Farm.
Before CHIASSON, EDWARDS and SARTAIN, JJ.
EDWARDS, Judge.
Plaintiff, Mary Rebecca Hemphill, and intervenors, Rose Hemphill Billiot and her husband, appeal a judgment of the trial court which dismissed this suit for personal injuries against defendants, Elaine Strain and Travelers Insurance Company.

BACKGROUND
Hemphill and her daughter, Billiot, were guest passengers in a pick-up truck driven by defendant, Strain, which was involved in an accident on July 21, 1975, with a vehicle driven by Patty Loyd. This suit was filed as a result of the accident against Strain and Loyd, and their insurers, Travelers and State Farm Mutual Automobile Insurance Company, respectively.
Prior to the institution of this suit, both Hemphill and Billiot settled their claims against State Farm and signed unrestricted releases in favor of State Farm and Loyd, without reserving their rights against Strain or Travelers. Based on these releases, all the defendants filed motions for summary judgment and peremptory exceptions urging res judicata. After a hearing, the trial judge granted the motions for summary judgment, maintained the exceptions and dismissed the suit. Plaintiff and intervenors appealed. Hemphill v. Strain, 341 So.2d 1186 (La.App. 1st Cir. 1976), application denied, 343 So.2d 1072 (La.1977).
On this previous appeal, we affirmed the dismissal of their suit against Loyd and State Farm on the exception of res judicata founded on the signed releases. However, we reversed the trial court's dismissal of the suit against Strain and Travelers, and remanded this portion of the suit for trial, stating at p. 1190:
"Finally appellants contend that the trial court erred in maintaining the exception of res judicata as to Travelers Insurance Company and Elaine Strain. The unrestricted release of one joint tort-feasor without reservation of rights against the others discharges all tort-feasors from liability. LSA-C.C. art. 2203; Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App. 3rd Cir. 1964). There was no evidence adduced at the hearing on the question of liability. The allegations of negligence and solidary liability in plaintiff's petition are made for the purpose of permitting the court to ascertain which defendant was negligent. Such allegations are not tantamount to a judicial confession, and they are insufficient to establish the solidarity of obligations without proof. Naquin v. Baton Rouge Coca-Cola Bottling Company, 182 So.2d 691 (La.App. 1st Cir. 1966). If on trial of the case it should appear that Loyd was not guilty of any negligence proximately causing or contributing to the accident, solidary obligation will not have been established. The burden of proof will be on those claiming to be released with Loyd and State Farm to establish that Loyd was at least a joint tort-feasor (see Naquin, supra)."

On remand, plaintiff and intervenors amended their pleadings, with leave of court, to allege that the accident was due solely to the negligence of Strain.
Defendants answered, contending that Loyd and Strain were joint tort-feasors, and urged again the peremptory exception of res judicata.
The evidence on the issue of liability consisted of the testimony of Billiot and Strain, and the deposition of Hemphill. Billiot and Hemphill testified that Strain was following another vehicle too closely. They stated that the preceding vehicle made a left turn, that Strain slammed on her brakes and that they were thrown against the dashboard, causing their injuries. Additionally, both testified that they felt Loyd's vehicle hit the truck they were in, but that this impact was very minor and did not cause any injury.
On the other hand, Strain testified that she came to a complete, gradual stop behind *1182 the turning vehicle. Her testimony was that she did not slam on her brakes suddenly, but rather that she applied her brakes normally. She stated that she did not see either of her passengers thrown into the dash as a result of her braking action. Additionally, she stated that her truck, after it came to a complete stop, was struck from the rear by Loyd's vehicle, and that she felt the impact of this collision.
The trial judge in his reasons for judgment found that "there is little or no evidence in this record that the braking action of Elaine Strain was so sudden as to cause the injuries complained of and the evidence is clear that the vehicle being driven by Patty Loyd bumped the Strain vehicle." The trial judge nonetheless concluded that both Strain and Loyd were negligent, that they were joint tort-feasors and that they were solidarily liable with respect to the injuries, if any, sustained by Hemphill and Billiot. Consequently, the trial judge held that the signed releases in favor of Loyd and State Farm also effectively released Strain and Travelers from any liability in this matter, and dismissed the suit.

SPECIFICATION OF ERRORS
Appellants contend that the trial court erred in seven respects which, for purposes of review, fall into three categories: 1) error in considering the issue of res judicata when no exception was before the court; 2) error in ruling adversely to appellants on certain evidentiary questions which arose during trial; and 3) error in holding that Strain and Loyd were joint tort-feasors.

I
Initially, appellants contend that there was no exception of res judicata pending at the time of trial and that the trial court erred in considering this issue.
This contention is untenable. After this case was remanded, defendants, in response to appellants' amended petition, filed a pleading styled "Answer and Exceptions to First Amending and Supplementing Petition" wherein defendants specifically pleaded the exception of res judicata.
Appellants urge that we disregard this pleading since, they argue, leave of court was needed to file the pleading and was never obtained.
We do not agree. Leave of court is not required to file an answer to an amended petition and, in any event, is not necessary for filing a peremptory exception. LSA-C.C.P. arts. 1151 and 1152.

II
Appellants complain of four evidentiary errors allegedly committed by the trial court.
First, appellants contend that the trial court erred in admitting, over objection, Strain's testimony concerning Loyd's acknowledgment that she was at fault under the res gestae exception to the hearsay rule. In essence, appellants argue that no foundation was laid regarding the lapse of time between the accident and Loyd's statement.
"`Res gestae' declarations are admitted as an exception to the hearsay rule on the theory that spontaneous and impulsive statements, made at substantially the same time as the occurrence, without time for deliberation and fabrication, are truthful. A basic requirement of the res gestae rule is that the declaration be spontaneous and impulsive and made at substantially the same time as the occurrence." Manuel v. American Employers Ins. Co., 212 So.2d 527, 529 (La.App. 3rd Cir. 1968).
Strain testified that she got out of her vehicle immediately after the collision and walked back to talk to Loyd. She stated that Loyd stated in this conversation that she (Loyd) was at fault.
We believe that a proper foundation was provided regarding the time sequence of the statement and the accident, and that the trial court was correct in allowing this testimony as a part of the res gestae.
Next, appellants complain that the trial court allowed Strain to testify that she had made a settlement with State Farm.
*1183 We agree with appellants that this testimony is irrelevant on the issue of liability, however, we do not find that appellants have in any way been prejudiced by this testimony.
Third, appellants argue that they should have been allowed to present a rebuttal witness to show Strain's alleged habits of speeding and following other vehicles too closely.
We need not, and do not, reach this contention inasmuch as it is a moot issue in view of the trial court's holding that Strain was negligent.
Finally, appellants contend that defendant's failure to call Loyd and the officer who investigated the accident, both listed as witnesses on the pre-trial order, raises a presumption that their testimony would be unfavorable to defendants. Appellants argue that the trial court erred in not applying this presumption.
Such a presumption is available in this state. Morgan v. Matlack, Inc., 366 So.2d 1071 (La.App. 1st Cir. 1979) and cases cited therein. However, the presumption does not apply when the witness is equally available to both parties. Hankel v. Hartford Fire Ins. Co., 366 So.2d 1031 (La.App. 1st Cir. 1978).
In the instant case, the officer who was not called was equally available, and in the case of Loyd, who had moved out of state, equally unavailable to both parties. Accordingly, the presumption was not appropriate and was correctly denied.

III
Appellants assert that the trial court erred in holding that Strain and Loyd were joint tort-feasors and therefore solidarily liable. They argue that Strain alone was negligent in causing their injuries.
The trial court discounted appellants' testimony that Strain slammed on her brakes and that the collision with Loyd was of no moment in causing their injuries, and accepted Strain's testimony that she applied her brakes normally, came to a gradual stop and was rear-ended by Loyd. Based on this evidence, the trial court found that both Strain and Loyd were negligent, and that their combined negligence caused appellants' injuries.
We find that there is ample evidence in the record to support the trial court's holding of negligence. There is no error.
Accordingly, the trial court was correct in dismissing this suit under LSA-C.C. art. 2203 based on the signed releases.
For the above reasons, the judgment appealed is affirmed at appellants' cost.
AFFIRMED.