PRICE, Judge.
Defendant-in-rule, Donald Joe Byrd, appeals a judgment probating the statutory wills of Horace and Gira Byrd. We affirm.
On December 31, 1974, Horace and Gira Byrd executed identical statutory wills. Under the terms of these reciprocal instruments, all property of the first-deceased spouse was bequeathed to the survivor. Upon the death of the last-surviving spouse, the naked ownership of the testator’s property was bequeathed to a nephew, Walter Gene Hays, with a lifelong usufruct on the property granted to the couple’s only child and forced heir, Donald Joe Byrd.
Horace Byrd died on June 16, 1977. Upon the petition of his widow and child alleging that he died intestate, they were sent into possession of his estate. After the death of Gira Byrd on May 19,1979, Donald Joe Byrd was sent into possession of her *101 estate pursuant to a petition alleging his mother died intestate. On May 14, 1981, Walter Gene Hays sought to probate the wills executed by the decedents in 1974.
At the trial on the rule to show cause why the wills should not be probated, it was stipulated that the wills were signed by the decedents and the sole issue presented was whether the wills in question were executed in conformity with La.R.S. 9:2442.
The trial court found that the wills were in proper form and that the instruments had been executed in accordance with the requirements of the statute.
Appellant’s primary contention on appeal is that both wills are null because they were not properly signed and dated pursuant to La.R.S. 9:2442. Each testator signed beneath the dispositive portion of the will, but neither document carries the testator’s signature after the attestation clause. Only the attestation clause is dated. Appellant contends that for a statutory will to be valid, there must be a date and a written acknowledgment above the signature of the testator that he has signified to the notary and two witnesses that the instrument is his last will and testament.
Insofar as appellant’s contention that the wills are invalid because the date appears only in the attestation clause, this issue has been resolved in the Succ. of Bel, 377 So.2d 1380 (La.App. 4th Cir. 1980). The court there held it is sufficient that the date appear only in the attestation clause of a statutory will.
Appellant concedes that under the holding in Succession of Porche, 288 So.2d 27 (La.1973), it is no longer necessary that the testator sign below the attestation clause provided he has signed at the end of the dispositive portions of the will. However, this concession is based on the premise that there is a specific recitation in the disposi-tive portion of the will above the signature of the testator that he has appeared before the notary and witnesses and signified to them that he is making his last will and testament. Appellant points out that in Porche the dispositive portions of the will contained such a declaration and contends this factor distinguishes the instant case from the holding in Porche.
The validity of a will should be maintained if possible and the courts should not require strict and exacting compliance in form if to do so would sacrifice reasonableness to hypertechnicality. Succ. of Morgan, 257 La. 380, 242 So.2d 551 (1971); Succ. of Dugas, 400 So.2d 333 (La.App. 4th Cir. 1981), writ denied 404 So.2d 1257.
We do not construe Porche to require the declaration required by the statute to be in writing above the signature of testator as contended by appellant. La.R.S. 9:2442 as amended in 1974[1] (the statute in effect when the subject wills were executed) simply required the testator to signi *102 fy in the presence of the notary and two witnesses that the instrument was his last will and that he sign the instrument at the end and on each page in their presence. It further provided that “the foregoing facts shall be evidenced by a declaration signed by the notary and both witnesses in the presence of the testator and each other.” (Emphasis added) The statute did not require this recitation above the signature of the testator as contended by appellant. Therefore, we find the decision of Porche is applicable to the circumstances presented here.
On trial of the rule in the instant case, the notary and one subscribing witness testified that each testator acknowledged in the presence of the notary and both witnesses that the document was his or her last will and testament and then signed it. The evidence also establishes that the notary and both witnesses signed the dated attestation clause in the presence of each other and the testator. Since this procedure fully complies with the statutory formalities, we find that both wills are valid.
Lastly, appellant contends plaintiff-in-rule failed to carry the burden of proof on trial of the rule to show cause why the wills should not be probated. He contends that since the notary and only one of the subscribing witnesses testified for plaintiff-in-rule, the failure to call the second subscribing witness raised a rebuttable presumption that her testimony would have been unfavorable to plaintiff-in-rule’s position.
As noted before, the testimony of the notary and one of the subscribing witnesses establishes that both wills were signed by the testator, the notary, and both witnesses within the presence of each other and in conformity with law. The fact that one of the witnesses did not testify at trial is inconsequential because La.C.C.P. Art. 2887 requires only that a statutory will be proved by the testimony of the notary and one subscribing witness. Furthermore, the trial court took judicial notice of the fact that the other subscribing witness was equally available to both parties. The presumption that the testimony of an uncalled witness would have been unfavorable does not apply when the witness is equally available to both parties. Hemphill v. Strain, 371 So.2d 1179 (La.App. 1st Cir. 1979), writ denied 373 So.2d 510.
For the reasons assigned, the judgment of the trial court is affirmed with all costs assessed to appellant.

. La.R.S. 9:2442. Statutory will; form
The statutory will shall be in writing (whether typewritten, printed, mimeographed, or written in any other manner), and shall be executed in the presence of a notary and two competent witnesses not otherwise disqualified under Articles 1591 and 1592 of the Civil Code, shall be dated, and shall be made in the following manner:
(1) In the presence of the notary and both witnesses the testator shall signify to them that the instrument is his will and shall sign his name at the end of the will and on each other separate sheet of the instrument. If the testator is not able to sign his name because of some physical infirmity, he must so declare or signify to the notary in the presence of the witnesses as well as of the cause that hinders him from signing, and shall then affix his mark in the places where his signature is required. Express mention of the testator’s declaration or signification and of the cause that hinders him from signing his name must be made in the act.
(2) The foregoing facts shall be evidence by a declaration signed by the notary and both witnesses in the presence of the testator and of each other in the following form or a form substantially similar thereto:
“Signed on each page (or if not signed by the testator, the statement of his declaration or signification that he is not able to sign his name and of the physical cause that hinders him from signing), and declared (or signified) by testator above named, in our presence to be his last will and testament, and in the presence of testator and each other we have hereunto subscribed our names on this_ day of_, 19_”