420 So.2d 484 (1982)
UNITED STATES FIDELITY AND GUARANTY COMPANY, et al.
v.
SAFECO INSURANCE COMPANY OF AMERICA, et al.
No. 14845.
Court of Appeal of Louisiana, First Circuit.
August 24, 1982.
*485 Daniel J. Dziuba, Baton Rouge, for plaintiffs-appellees Hugh C. Finklea and Safeco Ins. Co.
George B. Richard, Marrero, for defendants-appellants Anthony R. Randazzo and Ronnie Randazzo.
Before LEAR, CARTER and LANIER, JJ.
CARTER, Judge.
This is a suit for damages in tort resulting from a fire negligently set by two minor children which destroyed a dwelling under construction. Suit was originally filed by Durwood Gully Contractor, Inc. (hereinafter referred to as Gully), the contractor for the dwelling and its insurer, United States Fidelity and Guaranty Company (hereinafter referred to as U.S.F. & G.), against Hugh C. Finklea, the father of one of the minors, and his insurer, Safeco Insurance Company of America (hereinafter referred to as Safeco). Safeco and Finklea settled the claim against them and U.S.F. & G. and Gully executed a release and assignment agreement in favor of Safeco and Finklea. The original petition was amended to add Anthony R. Randazzo, the father of the second minor, as a party defendant and Safeco and Finklea filed a third party demand against him for contribution. Randazzo filed peremptory exceptions pleading prescription which were overruled by the trial court. After the trial, judgment was rendered in favor of U.S.F. & G. on the original petition against Randazzo for $2,576.81 and judgment was rendered on the third party demand by Safeco and Finklea against Randazzo for $6,793.40. This devolutive appeal followed.

I. FACTS
On November 22, 1976, Lance Finklea, the minor child of Hugh C. Finklea, and Ronnie Randazzo, the minor child of Anthony R. Randazzo, entered a partially constructed dwelling located at 10533 Landbury Avenue, Parish of East Baton Rouge, *486 Louisiana. The two minors started a fire in a storeroom or utility room in order to keep warm. Apparently, this makeshift fire furnished more smoke than heat and failed to satisfy the needs of the youths and they decided to abandon the venture. Before departing the premises, they attempted to extinguish the fire by urinating on it and then stamping it out with their feet. Each minor then went his separate way and returned home. The fire subsequently consumed the structure.
Suit was originally filed on October 14, 1977, by U.S.F. & G., as Gully's insurer, for $18,740.43 which represented the amounts it was called upon to pay under its policy of insurance for damages to the dwelling and by Gully for $100.00 which represented the deductible portion of the damages not covered by the policy. This suit was against Hugh C. Finklea, in his capacity as father of the minor, Lance Finklea, and his insurer, Safeco.[1] On November 27, 1977, Safeco and Finklea filed their answer to the original petition.
On December 9, 1977, U.S.F. & G. and Gully settled their claims against Safeco and Finklea for $13,586.81 and executed an assignment and subrogation agreement in their favor. (See Appendix No. 1 attached hereto).
On February 13, 1980, Safeco and Finklea filed a third party petition against Thom S. Randazzo as father of the minor, Randy Randazzo, for contribution. On March 15, 1980, Anthony R. Randazzo appeared through counsel and filed a peremptory exception of prescription to the third party demand. On May 28, 1980, U.S.F. & G. and Gully filed a supplemental and amending petition adding Anthony R. Randazzo, the father of Ronnie Randazzo, as a party defendant. Also on May 28, 1980, the trial court on joint motion of U.S.F. & G., Gully, Safeco and Finklea "ordered that movers, Safeco Insurance Company of America and Hugh C. Finklea, be submitted as parties plaintiffs in the place of United States Fidelity and Guaranty Company and Durwood Gully Contractor, Inc." (See Appendix No. 2 attached hereto). On June 17, 1980, Anthony R. Randazzo filed a peremptory exception of prescription to the supplemental and amending petition. The trial court overruled both exceptions of prescription by judgment signed on October 10, 1980. Randazzo filed his answer on December 11, 1980, and the trial of this matter was held and completed on May 8, 1981. On June 1, 1981, judgment was rendered in favor of U.S.F. & G. and against Randazzo on the main demand for $5,153.62 and in favor of Safeco and Finklea on the third party demand for $13,586.81.[2] On June 9, 1981, Randazzo filed a motion for a new trial on the grounds that the judgment was contrary to law because Randazzo was cast for the total amount of the claim, but as a joint tortfeasor could only be legally responsible for one-half of the claim. The new trial was granted and each of the original judgment awards were reduced by one-half in an amended judgment rendered on July 24, 1981.

II. THE ASSIGNMENT AND/OR SUBROGATION
The instrument dated December 9, 1977, provides that U.S.F. & G. and Gully "... hereby assigns, transfers, subrogates, and sets over to SAFECO INSURANCE COMPANY OF AMERICA AND HUGH C. FINKLEA, any and all claims and causes of action of whatsoever kind and nature which the undersigned now has or may hereafter have to recover against any person or persons as the result of a fire on November 22, 1976 at 10533 Landbury Avenue, Parish of East Baton Rouge, State of Louisiana, to the extent of the payment above made." In that same agreement, U.S.F. & G. and Gully agreed to "... release and discharge Safeco Insurance Company of America and Hugh C. Finklea from any and all liability *487 whatsoever under its policy No. HO 48 92 94, issued to Hugh C. Finklea." In Paragraph 2 of the motion and order to substitute parties plaintiff filed on May 28, 1980, U.S.F. & G., Gully, Safeco and Finklea acknowledged that "United States Fidelity and Guaranty Company and Durwood Gully Contractor, Inc., in exchange for the payment of $13,586.81 has released Safeco Insurance Company of America and Hugh C. Finklea from any liability whatsoever arising out of the fire on November 22, 1976 described above." Safeco, Hugh Finklea, Lance Finklea, Anthony Randazzo and Ronnie Randazzo are debtors in solido for the damages caused by the fire in the instant case. La.C.C. arts. 2318, 2324, 2091 and 2092; Hoefly v. Government Employees Insurance Company, 418 So.2d 575 (La. 1982); Sampay v. Morton Salt Company, 395 So.2d 326 (La.1981); Foster v. Hampton, 381 So.2d 789 (La.1980); Kern v. Travelers Insurance Company, 407 So.2d 2 (La. App. 4th Cir. 1981). The release of one solidary obligor without an express reservation of the right to proceed against other solidary obligors releases all other obligors. La.C.C. art. 2203; Hemphill v. Strain, 371 So.2d 1179 (La.App. 1st Cir. 1979); Clay v. State Farm Mutual Automobile Insurance Company, 330 So.2d 380 (La.App. 3rd Cir. 1976); Written v. Travelers Indemnity Company, 304 So.2d 715 (La.App. 3rd Cir. 1974). When U.S.F. & G. and Gully released Safeco and Finklea, a reservation of their rights to proceed against Randazzo and/or his minor son was not included and thus they lost their right to proceed against them. The attempted subrogation and/or assignment by U.S.F. & G. and Gully in favor of Finklea and Safeco was without legal effect because the rights acquired by a subrogee and/or assignee can be no more (and no less) than the rights of the original parties. See Niemann v. Travelers Insurance Company, 368 So.2d 1003 (La.1979) (footnote 5); Barnes v. Fireman's Fund Insurance Company, 399 So.2d 1318 (La.App. 4th Cir. 1981); Northern Assurance Company of America v. Waguespack, 304 So.2d 865 (La.App. 4th Cir. 1974).[3]

III. PRESCRIPTION ON THE CONTRIBUTION CLAIM
The timely filing of suit against Safeco and Finklea on October 14, 1977 (within one year from November 22, 1976), interrupted prescription on the claims against those who were solidarily obligated with them for the damages, namely Lance Finklea, Anthony Randazzo and Ronnie Randazzo. La.R.S. 9:5801; La.C.C. art. 2097. Prescription on a claim for contribution does not commence to run until the right of contribution vests when the party seeking contribution is required to pay the common debt. La.C.C. arts. 2103 and 2104; La.C.C.P. arts. 1111-1116; Thomas v. W & W Clarklift, Inc., 375 So.2d 375 (La.1979). When U.S.F. & G. and Gully settled their claims against Safeco and Finklea for $13,586.81 and Safeco and Finklea paid that amount and were released from further liability in writing, a compromise of the claim resulted. La.C.C. art. 3071. This compromise had the authority of a judgment between the parties. La.C.C. art. 3078; Oil Purchasers, Inc. v. Kuehling, 334 So.2d 420 (La.1976); Ditch v. Finkelstein, 399 So.2d 1216 (La.App. 1st Cir. 1981). Safeco and Finklea became legally obligated to pay, and in fact did pay, the agreed upon portion of the common debt. At this time, December 9, 1977, the right of contribution vested with Safeco and Finklea and the prescriptive period commenced to run. Tort actions prescribe in one year, and actions for contribution based on a defendant being solidarily liable for tort must likewise prescribe in one year. La.C.C. art. 3536. The action for contribution filed by Safeco and Finklea against Randazzo on February 13, 1980, more than one year after the compromise agreement of December 9, 1977, is prescribed. *488 The trial court was in error when it failed to sustain the peremptory exception pleading prescription.
The fact that Safeco and Finklea were not dismissed as party defendants in the original petition is not determinative. The compromise left the original petition without viable defendants because it had the same effect as a judgment which had been satisfied. To hold otherwise would be to allow solidary obligors who compromise claims to wait indeterminate periods before seeking contribution. This would allow the party seeking contribution to manipulate the time when he would assert his claim to the possible prejudice of a potential contributor.

IV. CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed and the claims against Anthony R. Randazzo are dismissed. The appellees are cast for all costs.
REVERSED AND DISMISSED.
FILED IN EVIDENCE
 Exhibit 
"APPENDIX NO. 1" Date 
 
 Depurty Clerk
UNITED STATES FIDELITY AND NUMBER: 206,632 DIVISION: F
GUARANTY COMPANY AND DURWARD
GULLY CONTRACTOR, INC. 19th JUDICIAL DISTRICT COURT
VS.
SAFECO INSURANCE OMPANY PARISH OF EAST BATON ROUGE
OF AMERICA AND HUGH C. FINKLEA STATE OF LOUISIANA
 In consideration of the payment of Thirteen Thousand Five
Hundred Eighty Six and 81/100 ($13,586.81) Dollars, the receipt
of which is hereby acknowledged, the undersigned hereby assigns,
transfers, subrogates, and sets over to SAFECO INSURANCE COMPANY
OF AMERICA AND HUGH C. FINKLEA, any and all claims and causes
of action of whatsoever kind and nature which the undersigned
now has or may hereafter have to recover against any person or
persons as the result of a fire on November 22, 1976 at 10533
Landbury Avenue, Parish of East Baton Rouge, State of Louisiana,
to the extent of the payment above made. The undersigned agrees
that Safeco Insurance Company of America and Hugh C. Finklea
may enforce the same in such manner as shall be necessary or
appropriate for the use and benefit of Safeco Insurance Company
of America an Hugh C. Finklea, either in its own name or in the
name of the undersigned, and the undersigned will furnish such
*489
papers, information, or evidence as shall be within the
undersigned's possession or control for the purpose of enforcing
such claim, demand, or cause of action.
 As further consideration, the undersigned does hereby
release and discharge Safeco Insurance Company of America and
Hugh C. Finklea from any and all liability whatsoever under its
policy No. HO 48 92 94, issued to Hugh C. Finklea.
 The undersigned agrees that no release or settlement or any
such claim, demand or cause of action has been made, or wi'll be
made without the express written consent of Safeco Insurance
Company of America and Hugh C. Finklea.
 Baton Rouge, Louisiana this 9thday of December, 1977.
WITNESSES: UNITED STATES FIDELITY AND GUARANTY
 COMPANY AND DURWARD GULLY CONTRACTOR, INC
 BY: 
 "APPENDIX NO. 2"
UNITED STATES FIDELITY AND * NUMBER 206,632 DIVISION "F"
GUARANTY COMPANY AND DURWOOD *
GULLY CONTRACTOR, INC. * 19TH JUDICIAL DISTRICT COURT
VERSUS * PARISH OF EAST BATON ROUGE
SAFECO INSURANCE COMPANY OF * STATE OF LOUISIANA
AMERICAN AND HIGH FINKLEA *
 *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 MOTION TO BE SUBSTITUTED
 AS PARTY PLAINTIFFS
On motion of United States Fidelity and Guaranty Company and
Durwood Gully Contractor, Inc., plaintiff herein and Safeco Insurance
Company of America and Hugh C. Finklea, defendants herein
through undersigned counsel, and on suggestion of the Court that:
 1.
United States Fidelity and Guaranty Company and Durwood Gully
Contractor, Inc. entered into a written contract dated December 9,
*490
1979 with Safeco Insurance Company of America and Hugh C. Finklea
wherein United States Fidelity and Guaranty Company and Durwood
Gully Contractor, Inc. assigned, transferred and subrogated over
to Safeco Insurance Company of America and Hugh C. Finklea all
claims and causes of action whatsovever kind and nature which the
said United States Fidelity and Guaranty Company and Durwood Gully
Contractor, Inc. had or may hereafter have to recover against any
person or persons as a result of a fire on November 22, 1976 at
10533 Landbury Avenue to the extent of $13,586.81.
 2.
United States Fidelity and Guaranty Company and Durwood Gully
Contractor, Inc., in exchange for the payment of $13,586.81 has
released Safeco Insurance Company of America and Hugh C. Finklea
from any liability whatsoever arising out of the fire on November 22,
1976 described above.
 3.
United States Fidelity and Guaranty Company and Durwood Gully
Contractor, Inc. prays that Safeco Insurance Company of America
and Hugh C. Finklea be substituted as parties plaintiff herein.
 4.
Safeco Insurance Company of America desire to be substituted
as parties plaintiff herein.
WHEREFORE, United States Fidelity and Guaranty Company, Durwood
Gully Contractor, Inc., Safeco Insurance Company of America and
Hugh C. Finklea pray that Safeco Insurance Company of America and
Huch C. Finklea be substituted as parties plaintiffs herein.
 By Attorneys:
 DALE, OWEN, RICHARDSON, TAYLOR &
 MATHEWS
 By: 
 Paul Marks, Jr.
 Post Office Box 3177
 Baton Rouge, Louisiana 70821
*491
 FRANKLIN, MOORE & WALSH
 By: 
 Daniel. J. Dziuba
 Post Office Box 3958
 Baton Rouge, Louisiana 70821
 CERTIFICATE
I HEREBY CERTIFY that a copy of the above and foregoing Motion
has been mailed, postage prepaid, this date to Mr. George B. Richard,
Post Office Box 519, Marrero, Louisiana. 70073.
Baton Rouge, Louisiana, this day of , 1980.
 
 Daniel. J. Dziuba
 ORDER
Considering the above and foregoing Motion now therefore, be
it hereby ordered that movers, Safeco Insurance Company of'America
and Hugh C. Finklea be substituted as parties plaintiff in the place
of United States Fidelity and Guaranty Company and Durwood Gully
Contractor, Inc.
Baton Rouge, Louisiana, this 2 DAY OF June, 1980.
 
 JUDGE, 19TH JUDICIAL DISTRICT COURT
NOTES
[1] The original petition indicated that the whereabouts of Ronnie Randazzo and his parents were unknown.
[2] This is a total judgment award of $18,740.43, the amount originally sought by U.S.F. & G. No judgment was rendered on the $100.00 deductible claim by Gully.
[3] In addition, judgment could not be rendered in favor of U.S.F. & G. in June of 1981 because it was not a party plaintiff to the suit at that time. Safeco and Finklea were substituted as parties plaintiff in U.S.F. & G.'s place by the court order dated June 2, 1980. (See Appendix No. 2).