**GREAT AMERICAN INSURANCE COMPANY**

v.

**SWIFT & COMPANY.**

**Civ. A. No. 83–1368–B.**

United States District Court, M.D. Louisiana.

June 25, 1984.

Carolyn Pratt Perry, William L. Schuette, Jr., Franklin, Moore & Walsh, Baton Rouge, La., for plaintiff.

A. Michael Dufilho, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for defendant.

POLOZOLA, District Judge.

This matter is before the Court on motion of the defendant, Swift Independent Packing Company (Swift) for summary judgment. Great American Insurance Company (Great American) has filed this suit seeking contribution or indemnity from Swift for sums Great American paid in settlement of an injured party who formerly worked for Swift. No oral argument is required on this motion.

The facts surrounding the settlement of the claim are not in dispute. Irving P. LaBorde, who was formerly employed by Swift, borrowed a ladder owned by Swift on January 3, 1981. On that same day, LaBorde was injured when the ladder collapsed. As a result of the injuries, Mr. LaBorde filed a lawsuit against the manufacturers of the ladder, Croft Metals, Inc., Croft Ladders, Inc., and Croft Aluminum Company (hereinafter referred to collectively as Croft) in United States District Court in the Western District of Louisiana on December 28, 1981. Swift, the defendant in this suit, was not named as a defendant in that suit and did not participate therein.

Great American is the insurer of Croft.

LaBorde's lawsuit was tried in February of 1983. Prior to the conclusion of the trial, Great American entered into a settlement with LaBorde for $175,000.00 in satisfaction of any claims LaBorde may have against it or its insured, Croft.

During the course of the LaBorde litigation, Croft and its insurer raised as a defense that the Croft ladder failed because of "misuse and/or abuse" on the part of Swift. Croft denied the ladder failed because of any manufacturing or design defect. However, Great American did not file a third party demand against Swift in the LaBorde litigation. Swift's first knowledge of any claim for alleged abuse or misuse of the ladder arose when it received the complaint in the present suit for indemnity or contribution.

Swift has never regained possession of the ladder and the ladder was destroyed by LaBorde in September of 1983, approximately six months after the settlement was reached in the LaBorde lawsuit.

In its motion for summary judgment, Swift argues that the plaintiff has no cause of action under the facts of this case for indemnity, but if such cause of action does exist, it is prescribed. Swift also argues that any claim for contribution should be dismissed based upon the doctrine of laches.

As noted above, Swift contends that a manufacturer of a defective product does not have a claim for indemnity from a purchaser. Absent a contract, Great American would only be entitled to indemnity in this case if the damages suffered by LaBorde were the result of the actual fault of Swift and its insured was only constructively at fault. *See, Philip R. Farnsworth & Co., Inc. v. State, Dept. of Highways,* 277 So.2d 500 (La.App. 1st Cir.1973). Swift correctly argues that the fault of a manufacturer in manufacturing a defective product is not merely "constructive" fault. The Court finds that a manufacturer of a defective product is not merely "constructively" at fault as that term is defined by the Louisiana jurisprudence. It is also clear that there was no contract of indemnity in this case. Furthermore, no other facts have been brought before the Court which would give rise to a claim for indemnity in favor of Great American. Therefore, plaintiff has failed to state a cause of action for indemnity against Swift insofar as the indemnity claim is concerned. Swift's motion for summary judgment will be granted on the claim for indemnity. Since the Court has dismissed the claim for indemnity, it is not necessary to address Swift's argument that such a claim has prescribed.

Swift also contends that any claim for contribution which Great American may have against it as a possible joint tortfeasor is barred by the doctrine of laches. Defendant argues that Great American's delay in pursuing a claim against it presents "the classic case" for invoking the doctrine of laches. Swift's contention is without merit. The defendant argues that laches is an equitable doctrine and is based on two grounds: 1) delay; and, 2) prejudice. Defendant relies heavily on *Barnett*

*v. Denelle,* 289 So.2d 129 (La.1974). Swift contends that Great American delayed filing this suit for approximately nine months after the settlement was reached in the LaBorde suit. Swift notes that the La-Borde suit had been pending for fourteen months before the settlement was reached. As a result of this delay and the lack of notice of the claim, Swift contends it has been prejudiced. Swift's main concern seems to be that the ladder has been destroyed and, therefore, cannot be inspected or tested by its lawyers and experts. Swift is particularly concerned that Great American had the ladder inspected by experts while it was defending itself against La-Borde's claim of manufacturing defects but took no steps to preserve the ladder for this litigation. Thus, Swift contends it has been so prejudiced by the delay in plaintiff's assertion of this claim and by the loss of the ladder that the doctrine of laches should be invoked to dismiss the plaintiff's claim for contribution. In response to Swift's motion, Great American claims that Louisiana law and not laches, which is a federal law doctrine, is applicable in this diversity jurisdiction case. Plaintiff then states that the only periods applicable under Louisiana law are those provided by positive legislation. La.Civ.Code Art. 3457.

Plaintiff is correct in its assertion that the law to be applied in this case is Louisiana law. However, laches has been applied in Louisiana. Laches is an equitable doctrine governing prescription of actions in those instances where the law does not provide a specific statutory limitation. *Corbello v. Sutton,* 442 So.2d 610 (La. 1st Cir.1983), affirmed, 446 So.2d 301 (La. 1984).

A review of the Louisiana jurisprudence indicates that a party who settles a case has one year from the date of settlement within which to file a suit for contribution. *Thomas v. W. & W. Clarklift, Inc.,* 375 So.2d 375 (La.1979); *U.S. Fidelity & Guaranty Co. v. Safeco Ins. Company,* 420 So.2d 484 (La. 1st Cir.1982). In *Thomas v. W. & W. Clarklift, Inc.* supra, the defendants waited twenty-nine months af-

ter one suit was filed against them to file a third party demand against four individuals. In a second suit filed in another parish, defendants waited six months after filing their answer to file similar third party demands against the same four individuals. The four third party defendants filed exceptions of prescription to the claims for contribution. The Louisiana Supreme Court responded to the argument that the defendant's claim for contribution had prescribed as follows:

> The right to enforce contribution is not complete until payment of the common obligation; thus, prescription does not begin to run against a claim for contribution until the cast co-tortfeasor has been required to pay the common debt. *Id.* at 378.

The Supreme Court found that the prescriptive period had not yet even begun to run because the defendant had not yet been cast in judgment. *Id.* Thus, the claim for contribution in that case was timely.

While the court in *W & W Clarklift* held that the prescriptive period on a claim for contribution does not begin to run until the co-tortfeasor is required to pay the common debt, it did not set forth *what* the applicable prescriptive period is. However, the Louisiana First Circuit Court of Appeal has stated that the applicable prescriptive period for an action for contribution is one year. *U.S. Fidelity & Guaranty Co. v. Safeco Ins. Co.*, 420 So.2d 484, 487 (La. App. 1st Cir.1982). The court interpreted La.Civ.Code Art. 3536 as being applicable to an action for contribution.

The court in the *U.S. Fidelity & Guaranty* case also determined when the prescriptive period begins to run when a co-tortfeasor *settles* his claim with the victim instead of being cast in judgment by a court. The court held that the right of contribution vested as of the date of the settlement, and that the defendant had one year from that date to sue the co-tortfeasor for contribution. *Id.* at 487.

■ Therefore, it appears from the above cited Louisiana jurisprudence, that Louisiana law gives a settling tortfeasor such as Great American in this case, one year from the date of settlement to bring a claim for contribution. This being the case, the doctrine of laches is inapplicable in this case.

■ In this case Great American brought its claim for contribution nine months after its settlement with the alleged tort victim. Therefore, under Louisiana law the claim was timely.

Additionally, even if this Court did not agree with the decision of the Louisiana First Circuit Court of Appeal that La.Civ. Code Art. 3536 provides the applicable prescriptive period for actions for contribution, it could not dismiss this case under the doctrine of laches at this time. The case of *Labarre v. Rateau*, 26 So.2d 279 (La.1946) indicates that before sustaining a plea of laches, a trial on the merits is preferable so that the court may have before it "all of the evidence that could possibly be produced by the proponents of the stale claim." *Id.* at 285.

The Court is sympathetic to the problems caused to Swift because of the destruction of the ladder which is a key piece of evidence that was allegedly "abused or misused". However, the Court does not find that the destruction of the ladder is cause for dismissal of the plaintiff's claim on a motion for summary judgment by virtue of the doctrine of laches.

■ Furthermore, Swift's argument that it was prejudiced by not being brought into the LaBorde suit by virtue of a third party demand, was not given notice of any claim against it, and was not allowed to participate in the LaBorde case is without merit. Louisiana law allows a joint tortfeasor who discharges a debt through compromise without the knowledge, consent, or concurrence of the co-tortfeasor, to bring a separate action for contribution from his fellow joint tortfeasors. *Morris v. Kospelich*, 253 La. 413, 218 So.2d 316 (1969).

Therefore:

IT IS ORDERED that defendant's motion for summary judgment as to the plaintiff's claim for indemnity be, and it is hereby GRANTED.

IT IS FURTHER ORDERED that the defendant's motion for summary judgment on the claim for contribution be, and it is hereby DENIED.